**Denied and Opinion Filed August 17, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00774-CV

## IN RE ANDREW SILVER, Relator

### Original Proceeding from the 134th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-15-02268

## OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

In this original proceeding, relator asks the Court to adopt the patent-agent privilege recently adopted by the Federal Circuit for use in patent infringement cases. *In re Queen's Univ. at Kingston*, 820 F.3d 1287 (Fed. Cir. 2016). Relator asks the Court to grant his petition and direct the trial court to withdraw an order compelling production of communications between relator and the patent agent. Relator also seeks a stay of the discovery order pending resolution of the original proceeding. We deny the petition and vacate the Court's July 7, 2016 stay of the trial court's June 13, 2016 order. *See In re Fisher & Paykel Appliances, Inc*., 420 S.W.3d 842, 848 (Tex. App.—Dallas 2014, orig. proceeding) ("It is generally not the role of intermediate courts of appeals to declare new common law discovery privileges.").

### Background

The underlying case involves a contract dispute related to the invention, patenting, and commercialization of the "Ziosk," a device that allows restaurant patrons to order meals, play

games, and pay their checks at their table. Relator claims he invented and owns the two patents for the technology underpinning the Ziosk and is owed money by Tabletop Media, LLC, a corporation that has marketed the Ziosk.

This original proceeding arises from the trial court's order compelling relator to produce more than 300 e-mails between relator and relator's non-attorney patent agent. Relator argues that the e-mails are privileged communications because the Federal Circuit has recently extended the attorney–client privilege to communications with non-attorney patent agents made during the patent prosecution process. *In re Queen's Univ.*, 820 F.3d at 1296. To obtain mandamus relief, relator must show that the trial court abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Relator has not met this burden.

**Analysis**

The federal rules of evidence specifically permit federal courts to determine new discovery privileges. FED. R. EVID. 501. Texas courts, however, are prohibited from doing so. *Abbott v. GameTech Int'l, Inc.*, No. 03-06-00257-CV, 2009 WL 1708815, at *6 (Tex. App.—Austin June 17, 2009, pet. denied) (mem. op.) (citing TEX. R. EVID. 501). Only privileges grounded in the Texas Constitution, statutes, the Texas Rules of Evidence, or other rules established pursuant to statute are recognized in Texas. *Id.* Consistent with that prohibition, this Court has routinely concluded that "[i]t is generally not the role of intermediate courts of appeals to declare new common law discovery privileges." *In re Fisher & Paykel Appliances, Inc.*, 420 S.W.3d at 848 (declining "to write into existence a common law self-critical analysis privilege . . . ."); *Landry v. Burge*, No. 05-99-01217-CV, 2000 WL 1456471, at *5 (Tex. App.—Dallas Oct.

2

2, 2000, no pet.) (not designated for publication) (refusing to recognize a private-investigator privilege because no such privilege is included in the Texas Rules of Evidence).

No Texas statute or rule recognizes or adopts a patent-agent privilege. The trial court declined to recognize such a privilege here. Relator asks this Court to recognize a new discovery privilege and determine that the trial court abused its discretion for not recognizing the new privilege. Neither this Court nor the trial court has the authority to adopt a new discovery privilege. *In re Fischer & Paykel Appliances, Inc.*, 420 S.W.3d at 848. We decline to do so here and, therefore, conclude the trial court did not abuse its discretion by refusing to adopt the privilege.

Further, *Queen's University* is not binding here. The Federal Circuit applies its own law for substantive and procedural issues if those issues are "intimately involved in the substance of enforcement of the patent right." 820 F.3d at 1290. This includes determination of whether documents are discoverable "in a patent case because they relate to issues of validity and infringement." *Id.* at 1291. If the case involves substantive issues of patent law, such as claim construction, validity, and inequitable conduct, then the Federal Circuit applies its own patent law precedent. *Id.* Communications between a non-attorney patent agent and his client "that are not reasonably necessary and incident to the prosecution of patents before the Patent Office," however, are outside the scope of a patent-agent privilege. *Id.* at 1301–02. Whereas the federal common law governs privilege in a federal case, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *Id.* at 1294 (quoting FED. R. EVID. 501).

This case is not a patent infringement case. It is a breach of contract case governed by Texas law. The underlying dispute does not involve a determination of the validity of the patent or whether Tabletop Media, LLC infringed on the patent. The *Queen's University* court

3

expressly excluded such cases from the scope of the privilege, and neither this Court nor the trial court is required to apply federal patent law to the merits of the case. Where, as here, the substantive claims are governed by state law, the state privilege law also applies. Texas does not recognize a patent-agent privilege, and we decline to create a new common law privilege.

For these reasons, we **DENY** the petition for writ of mandamus.


/s/ *Craig Stoddart*
CRAIG STODDART
JUSTICE


Evans, J., dissenting